1  Bradley J. Swingle, SBN 171535
Our File No. 10188
2  **ARATA, SWINGLE, SODHI & VAN EGMOND**
**A Professional Law Corporation**
3  912 11th Street, First Floor
Post Office Box 3287
4  Modesto, California 95353
Telephone: (209) 522-2211
5  Facsimile: (209) 522-2980
bswingle@arata-law.com
6
Attorneys for Defendants
7  CITY OF CERES, CERES DEPARTMENT OF PUBLIC SAFETY
and OFFICER KLINGE
8

9             IN THE UNITED STATES DISTRICT COURT
10
              EASTERN DISTRICT OF CALIFORNIA
11
                    FRESNO DIVISION
12
ALFONSO ZABALA,                        Case No.:
13
                Plaintiff,             **Stanislaus County Case No. 2009597**
14                                     **Filed November 26, 2014**
   v.
15                                     **DEFENDANTS CITY OF CERES, CERES**
   CITY OF CERES, CERES DEPARTMENT    **DEPARTMENT OF PUBLIC SAFETY,**
16 OF PUBLIC SAFETY, OFFICER KLINGE,   **OFFICER KLINGE'S NOTICE OF**
   first name unknown, and DOES 1-20,  **REMOVAL UNDER 28 U.S.C. § 1441(a)**
17                                     **and (b) (FEDERAL QUESTION)**
                Defendants.
18                                     **(Exempt From Fee Under Government**
   _____/  **Code Section 6103)**
19
   TO:    THE CLERK OF THE ABOVE-ENTITLED COURT:
20
          PLEASE TAKE NOTICE THAT Defendants, CITY OF CERES, CERES DEPARTMENT
21
   OF PUBLIC SAFETY and OFFICER KLINGE hereby remove to this Court the state court action
22
   described below.
23
          1.     On November 26, 2014, an action was commenced in the Superior Court of the State
24
   of California in and for the County of Stanislaus, entitled *ALFONSO ZABALA, Plaintiff v. CITY OF*
25
   *CERES, CERES DEPARTMENT OF PUBLIC SAFETY, OFFICER KLINGE, first name unknown,*
26
   *and DOES 1-20, Defendants.* It was assigned Case Number 2009597. A copy of the Summons,
27
   Complaint and other documents served on Defendants are attached hereto as Exhibit "A".
28

DEFENDANTS CITY OF CERES, CERES DEPARTMENT OF PUBLIC SAFETY, OFFICER KLINGE'S NOTICE OF
REMOVAL UNDER 28 U.S.C. § 1441(a) and (b) (FEDERAL QUESTION) - 1

1    2.    The first date upon which Defendants CITY OF CERES, CERES DEPARTMENT OF

2    PUBLIC SAFETY and OFFICER KLINGE received notice of this lawsuit was June 1, 2015, when

3    Defendants were served with a copy of the Summons and Complaint in the state court matter.

4    3.    This action is a civil action of which this Court has original jurisdiction under 28

5    U.S.C. § 1331, and one which may be removed to this Court by Defendants pursuant to the provisions

6    of 28 U.S.C. § 1441(a) and (b) in that it arises under the Fourth and Fourteenth Amendments of the

7    United States Constitution.  Specifically, Plaintiff has alleged a violation of his Fourth and Fourteenth

8    Amendment rights to be free from unreasonable seizures by persons acting under the color of the law

9    as set forth in his State Court Complaint.

10    4.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

11    28 U.S.C. § 1367(a) because they arise from the same set of facts giving rise to Plaintiff's federal law

12    claims and are "so related to claims in the action within such original jurisdiction that they form part

13    of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §

14    1367(a).

15    5.    Venue is proper in the United States District Court for the Eastern District of

16    California because this action arises from occurrences alleged to have taken place in Stanislaus

17    County, California.  See 28 U.S.C. § 1391(b).

18    6.    This Notice of Removal is hereby filed by Defendants, and each of them, within thirty

19    (30) days after service of the Summons and Complaint.

20    7.    Defendants, and each of them, are unaware of any other defendants in this matter.

21    Defendants, and each of them, consent to removal of this matter as set forth herein.

22    Dated: June 12, 2015.                    Respectfully Submitted,

23                                            ARATA, SWINGLE, SODHI & VAN EGMOND
                                             A Professional Law Corporation
24

25

26    By_____
        BRADLEY J. SWINGLE
27    Attorneys for Defendants
        CITY OF CERES, CERES DEPARTMENT OF
28    PUBLIC SAFETY and OFFICER KLINGE

# EXHIBIT A

ROBERT J. ANAYA  SBN# 153195
Law Offices of Robert J. Anaya
1315 I Street
Modesto, CA  95354
Tel: (209) 522-7500
Fax: (209) 522-7532

Attorney for Plaintiff,
ALFONSO ZABALA



FILED

2014 NOV 26  PM 3: 54

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY_____
                    DEPUTY
COLLEEN SHORT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF STANISLAUS

UNLIMITED JURISDICTION

| | |
|---|---|
| ALFONSO ZABALA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF CERES,  CERES DEPARTMENT OF PUBLIC SAFETY, OFFICER KLINGE, first name unknown, and DOES 1-20,<br><br>                    Defendants. | CASE NO.:   2 0 0 9 5 9 7 =<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>1.   VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983;<br>2.   CAL CIV CODE 52.1, 52.3<br>3.   BATTERY;<br>4.   UNLAWFUL ARREST;<br>5.   FALSE IMPRISONMENT;<br>6.   NEGLIGENCE |

This case has been assigned to Judge TIMOTHY W. SALTER
Department 22 for all purposes including Trial

Plaintiff, ALFONSO ZABALA hereby brings this action and alleges as follows against Defendants CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY, and OFFICER KLINGE, first name unknown, as follows:

### JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. § 1983. Plaintiff also asserts various state civil rights claims and tort violations.

2. Jurisdiciton is proper in this court because the acts and/or omissions which give rise to Plaintiff's claims occurred in the  County of Stanislaus, California.

1

COMPLAINT FOR DAMAGES; BATTERY, UNLAWFUL ARREST; FALSE IMPRISONMENT;
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983
PUNITIVE DAMAGES; ATTORNEY'S FEES

3. Plaintiff has complied with applicable state statutes for presenting his claim and timely files this action in compliance with the requirements of Section 905 of the California Government Code.

## PARTIES

4. Plaintiff is, and at all times herein mentioned, was a resident of the County of Stanislaus, State of California.

5. Defendant CITY OF CERES is at all times herein mentioned, was a municipal corporation, duly organized under the laws of the State of California.

6. Defendant CERES DEPARTMENT OF PUBLIC SAFETY, is and at all times herein mentioned, was a business entity, form unknown but created by and formed under authority of said defendant CITY OF CERES, and thereby authorized to act within the course and scope of agency and employment thereunder.

7. Defendant OFFICER KLINGE, first name unknown, is an individual, who at all times herein mentioned, was an employee of defendant CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY as a police officer, and in doing the acts herein described, acted within the course and scope of his employment.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued under fictitious names was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency or employment.

## FIRST CAUSE OF ACTION

### [DAMAGES FOR DEPRIVATION OF FEDERAL RIGHTS, 42 U.S.C. § 1983]

### (Against All Defendants)

9. Plaintiff re-alleges and incorporates by reference each allegation set forth in paragraphs 1 through 8.

COMPLAINT FOR DAMAGES; BATTERY, UNLAWFUL ARREST; FALSE IMPRISONMENT;
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983
PUNITIVE DAMAGES; ATTORNEY'S FEES

10. On or about December 29, 2013, plaintiff was lawfully visiting his friends at a private residence located at 2801 Della Drive, Apt. 401, Ceres, County of Stanislaus, State of California. A medical emergency arose to an individual present and emergency services were thereupon summoned.

11. Defendants, CITY OF CERES AND CERES DEPARTMENT OF PUBLIC SAFETY, and OFFICER KLINGE, first name unknown, responded to the location for the medical emergency.

12. Upon entering the private residence, Defendant OFFICER KLINGE, first name unknown, punched Plaintiff repeatedly in the face without cause or legal justification. Plaintiff did not try to resist, obstruct, or delay OFFICER KLINGE, first name unknown, in performing any duties of a peace officer.

13. Plaintiff attempted to cover his head and body from the attack by OFFICER KLINGE, first name unknown, but was caught by surprise and suffered numerous contusions and lacerations to his head and body.

14. In doing the aforesaid acts, Defendants acted with intent to commit unreasonable force and battery upon Plaintiff and make contact with Plaintiff's head and body.

15. After assaulting and battering Plaintiff, OFFICER KLINGE, first name unknown, detained and arrested Plaintiff without any legal justification.

16. Plaintiff is informed and believes and thereon alleges that at the time of the above-described events and at all times mentioned herein, that OFFICER KLINGE, last name unknown, and other Defendants had no warrant for the arrest of Plaintiff or other facts or information that constituted probable cause that Plaintiff ever committed or was about to commit any crime upon which to base any lawful arrest; nor did Defendants have any facts or information that constituted a reasonable suspicion that Plaintiff was involved in any unlawful activity so as to provide grounds for any detention or restraint whatsoever on Plaintiff's freedom of movement, and that Plaintiff's detention and arrest, were therefore unlawful.

COMPLAINT FOR DAMAGES; BATTERY, UNLAWFUL ARREST; FALSE IMPRISONMENT;
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983
PUNITIVE DAMAGES; ATTORNEY'S FEES

17. In doing the acts as alleged above, Defendants further acted with the intent to make contact with Plaintiff's person, and thereupon detained and arrested him without any lawful justification.

18. Thereafter, OFFICER KLINGE, first name unknown, seized and arrested Plaintiff at said premises, without any warrant or order of commitment, or any other legal authority of any kind, because Plaintiff had not committed any crime or public offense. Defendant OFFICER KLINGE, first name unknown, accused Plaintiff of committing a criminal offense when in fact, no offense had occurred, nor did defendant have probable cause to believe it occurred, or that Plaintiff committed any crime.

19. Defendant OFFICER KLINGE, first name unknown, delivered Plaintiff to the Stanislaus County jail, Stanislaus County, California, where Plaintiff was imprisoned from December 29, 2013, to December 30, 2014, when Plaintiff was finally released.

20. At no time did Plaintiff consent to any of the aforesaid acts by Defendants.

21. The Defendants' actions were wilful, wanton, malicious, oppressive and were included a scheme of continuing conduct justifying an award of exemplary and punitive damages.

22. As a result of the aforesaid acts by Defendants, Plaintiff suffered general damages, in an amount according to proof.

23. As a result of the aforesaid acts by Defendants, Plaintiff suffered special damages, in the amount of $30.00 as a copayment by way of medical examination and treatment with incidental expenses, in an amount not yet ascertained, but according to proof.

24. On or about May 22, 2014, Plaintiff mailed a claim in the amount of $75,000.00 to Defendants CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY through its designated claims representative, for the injuries and damages suffered and incurred by him by reason of the above-described occurrence, all in compliance

4

COMPLAINT FOR DAMAGES; BATTERY; UNLAWFUL ARREST; FALSE IMPRISONMENT;
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983
PUNITIVE DAMAGES; ATTORNEY'S FEES

1    with the requirements of Section 905 of the Government Code. A copy of the claim
2    is attached hereto as Exhibit "A" and made a part hereof.

3    25. On or about June 23, 2014, Defendant CITY OF CERES rejected Plaintiff's claim
4        in its entirety and on June 27, 2014, served its notice of rejection of claim to
5        Plaintiff via United States mail. Plaintiff has therefore complied with the statute of
6        limitations prior to filing this action.

7    26. As a result of the aforesaid acts by Defendants, Plaintiff suffered general damages,
8        in an amount according to proof.

9    27. By engaging in the above-described misconduct and by acting pursuant to its
10       custom, practice and policy, Defendants acting under color of state law, violated
11       Plaintiff's federally-protected civil rights under 42 U.S.C. § 1983, including
12       Plaintiff's right to be free from unlawful arrest, intimidation, false imprisonment,

13   28. In doing all of the acts complained of herein, Defendants acted intentionally,
14       recklessly and/or with deliberate indifference to Plaintiff's well-being, all under
15       color of state law to deprive Plaintiff of his constitutionally-protected rights to be
16       free from threats, intimidation, coercion, false arrest, imprisonment, all under color
17       of law.

18   29. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered
19       and continues to suffer humiliation, anxiety, indignity, and mental and emotional
20       anguish.

21   30. Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable
22       attorneys' fees and costs incurred in bringing this action.

23                           SECOND CAUSE OF ACTION

24          DAMAGES FOR VIOLATION OF UNRUH CIVIL RIGHTS ACT

25                   Cal. Civ. Code §§ 52.1 et seq. and 52.3 et seq.

26                          (Against all defendants)

27   Plaintiff re-alleges and incorporates by reference each allegation set forth in paragraphs
28   1 through 30.

31.    CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY, municipal entities formed under the laws of the State of California, is a business establishment within the meaning of the Unruh Civil Rights Act. As such, it is liable for threats, intimidation, coercion, or attempts to threat, intimidate, coerce any individual contrary to the Unruh Act.

32.    The acts perpetrated by CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY wrongfully, arbitrarily and intentionally coerced, intimidated, assaulted, battered, falseley arrests and falsely imprisoned Plaintiff, contrary to Civil Code sec. 52.1 and 52.3.

33.    As a direct and proximate result of this conduct, Plaintiff has suffered, and will continue to suffer, damages for which he is entitled to compensatory and punitive and statutory damages and to treble actual damages, but in no case less than $4000 per violation, and because she has been compelled to employ attorneys, she is entitled to attorneys' fees pursuant to Cal. Civil Code § 52.1 and 52.3.

THIRD CAUSE OF ACTION

(Battery committed by unlawful arrest)

(Against OFFICER KLINGE, first name unknown)

34.    Plaintiff alleges and incorporates paragraphs 1 through 33, inclusive, by this reference.

35.    On or about  December 29, 2013, plaintiff was lawfully visiting his friends at a private residence located at 2801 Della Drive, Apt. 401, Ceres, County of Stanislaus, State of California. A medical emergency arose to an individual present and emergency services were thereupon summoned.

36.    Defendants, CITY OF CERES AND CERES DEPARTMENT OF PUBLIC SAFETY, and OFFICER KLINGE, first name unknown, responded to the location for the medical emergency.

37.    Upon entering the private residence, Defendant OFFICER KLINGE, first name unknown, punched Plaintiff repeatedly in the face without cause or legal justification.

1   Plaintiff did not try to resist, obstruct, or delay OFFICER KLINGE, first name
2   unknown, in performing any duties of a peace officer.

3   38.    Plaintiff attempted to cover his head and body from the attack by OFFICER
4   KLINGE, first name unknown, but was caught by surprise and suffered numerous
5   contusions and lacerations to his head and body.

6   39.    In doing the aforesaid acts, Defendants acted with intent to commit
7   unreasonable force and battery upon Plaintiff and make contact with Plaintiff's head
8   and body.

9   40.    After assaulting and battering Plaintiff, OFFICER KLINGE, first name
10   unknown, approached and arrested Plaintiff without any legal justification.

11   41.    Plaintiff is informed and believes and thereon alleges that at the time of the
12   above-described events and at all times mentioned herein, that OFFICER KLINGE, last
13   name unknown, and other Defendants had no warrant for the arrest of Plaintiff or other
14   facts or information that constitued probable cause that Plaintiff ever committed or was
15   about to commit any crime upon which to base any lawful arrest; nor did Defendants
16   have any facts or information that constituted a reasonable suspicion that Plaintiff was
17   involved in any unlawful activity so as to provide grounds for any detention or restraint
18   whatsoever on Plaintiff's freedom of movement, and that Plaintiff's detention and
19   arrest, were therefore unlawful.

20   42.    In doing the acts as alleged above, Defendants acted with the intent to make
21   contact with Plaintiff's person, and thereupon detained and arrested him without any
22   lawful justification.

23   43.    At all times stated herein, Plaintiff found the contact made with his person by
24   Defendants to be harmful and offensive to his person and the arrest to be harmful to his
25   dignity.

26   44.    At no time did Plaintiff consent to any of the aforesaid acts by Defendants.

27   45.    As a result of the aforesaid acts by Defendants, Plaintiff suffered general
28   damages, in an amount according to proof.

///

7

# FOURTH CAUSE OF ACTION

## (False Imprisonment)

## (Against all defendants)

46.     Plaintiff alleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 45, inclusive, as though they were fully set forth herein.

47.     Defendants, CITY OF CERES AND CERES DEPARTMENT OF PUBLIC SAFETY, at all times herein mentioned, were political subdivisions of the State of California, duly organized and existing under the laws of the State of California.

48.     Defendant OFFICER KLINGE, first name unknown, is, and at all times herein mentioned was, employed by Defendants CITY OF CERES AND CERES DEPARTMENT OF PUBLIC SAFETY as a police officer and in doing the things hereafter alleged, was acting within the course and scope of his employment.

49.     On or about May 22, 2014, Plaintiff presented a claim in the amount of $75,000.00 to Defendants CITY OF CERES and CERES DEPARTMENT OF PUBLIC SAFETY through its designated claims representative, as compensatory damages for the injuries and damages suffered and incurred by him by reason of the above-described occurrence, all in compliance with the requirements of Section 905 of the Government Code. A copy of the claim is attached hereto as Exhibit "A" and made a part hereof.

50.     On or about June 23, 2014, Defendant CITY OF CERES rejected Plaintiff's claim in its entirety and on June 27, 2014, served its notice of rejection of claim to Plaintiff via United States mail.

51.     On or about December 29, 2013, plaintiff was lawfully visiting his friends at a private residence located at 2801 Della Drive, Apt. 401, Ceres, County of Stanislaus, State of California. A medical emergency arose to an individual present at said premises and emergency services were thereupon summoned.

52.     Defendants, CITY OF CERES AND CERES DEPARTMENT OF PUBLIC SAFETY, and OFFICER KLINGE, first name unknown, responded to the location solely for the medical emergency.

53.    Upon entering the private residence, Defendant OFFICER KLINGE, first name unknown, punched Plaintiff repeatedly in the face without cause or legal justification. Plaintiff did not try to resist, obstruct, or delay OFFICER KLINGE, first name unknown, in performing any duties of a peace officer.

54.    Thereafter, OFFICER KLINGE, first name unknown, seized and arrested Plaintiff at said premises, without any warrant or order of commitment, or any other legal authority of any kind, because Plaintiff had not committed any crime or public offense. Defendant OFFICER KLINGE, first name unknown, accused Plaintiff of committing a criminal offense when in fact, no offense had occurred, nor did defendant have probable cause to believe it occurred, or that Plaintiff committed any crime.

55.    Defendant OFFICER KLINGE, first name unknown, delivered Plaintiff to the Stanislaus County jail, Stanislaus County, California, where Plaintiff was imprisoned from December 29, 2013, to December 29, 2013, when Plaintiff was finally released.

56.    At no time did Plaintiff consent to any of the aforesaid acts by Defendants.

57.    The Defendants' actions were wilful, wanton, malicious, oppressive and were included a scheme of continuing conduct justifying an award of exemplary and punitive damages.

58    As a result of the aforesaid acts by Defendants, Plaintiff suffered general damages, in an amount according to proof.

59.    As a result of the aforesaid acts by Defendants, Plaintiff suffered special damages, by way of medical examination and treatment with incidental expenses, in an amount not yet ascertained, but according to proof.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (Against all Defendants)

Plaintiff realleges and incorporates by reference each allegation set forth in paragraphs 1 through 60.

60. DEFENDANTS owe a duty to Plaintiff to use due care to prevent ulfawful detention and arrest, battery, false imprisonment, intiidation and cooercion, and other

1   tortious behavior from occurring, and, upon learning of such acts, to take prompt and
2   appropriate action to remedy the situation.

3   61.   DEFENDANTS failed and continue to fail to use the due care of a reasonably
4   prudent person, and that required by statutory, regulatory, administrative and common
5   law standards, including in supervising, instructing, training and disciplining OFFICER
6   KLINGE, first name unknown.

7   62.   As a direct and proximate result of this conduct, Plaintiff has suffered physical
8   and emotional injury for which she is entitled to compensatory damages.
9   ///

10   WHEREFORE, Plaintiff pray judgment against Defendants, and each of them, as
11   follows:

12

13                         PRAYER FOR RELIEF

14   WHEREFORE, Plaintiff prays for relief as follows:

15   1.  General damages according to proof;

16   2.  Special damages according to proof;

17   3.  For treble damages, but in no case less than $4,000 per violation under the first and
18      third causes of action;

19   4.  For declaratory and injunctive relief ordering Defendant CITY OF CERES and
20      CERES DEPARTMENT OF PUBLIC SAFETY to enact policies, procedures and
21      training in conformity with all California and federal law prohibiting unlawful arrest;
22      arrest without a warrant;   false imprisonment; and which provide for prompt,
23      equitable and effective resolution of student complaints about sexual harassment;

24   5.  Costs of suit incurred, including reasonable attorneys' fees incurred;

25   6.  Such other relief as the Court deems necessary and proper.

26

27

28   Dated: November 18, 2014

                                    ROBERT J. ANAYA, Attorney for
                                    Plaintiff, ALFONSO ZABALA

                                    10
            COMPLAINT FOR DAMAGES; BATTERY, UNLAWFUL ARREST; FALSE IMPRISONMENT;
               VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983
                      PUNITIVE DAMAGES; ATTORNEY'S FEES

Central San Joaquin Valley Risk Management Authority
City of Ceres

## CLAIM FORM

### FORM B

(Please Type Or Print)

CLAIM AGAINST _City of Ceres and Ceres Department of Public Safety_
(Name of Entity)

Claimant's name: _ALFONSO Zabala_

Telephone number _Attorney 209-522-7500_

SS#: _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_   DOB: _10-20-73_   Gender: Male _✓_   Female _____

Claimant's address: _34525 Melissa Terrace, Fremont CA 94555_

Address where notices about claim are to be sent, if different from above: _1315 I Street_
_Modesto CA 95354_

Date of incident/accident: _12-29-13 and thereafter_

Date injuries, damages, or losses were discovered: _12-29-13 and thereafter_

Location of incident/accident: _2801 Della Drive Apt 401 Ceres 95307_

What did entity or employee do to cause this loss, damage, or injury? _Assault, Battery, and_
_Abused Police authority to injure claimant_
(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)? _Officer_
_Cling (or Klinge possibly), First Name unknown_

What specific injuries, damages, or losses did claimant receive? _Contusions, to head, Body_
_Cars, Lios, Black eye, Bleeding - medical Bills_
(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)] _Over $10,000, Therefore the Appropriate_
_Court will be Civil unlimited Jurisdiction, Stanislaus County_

How was this amount calculated (please itemize)? _Nominal Medical Expenses,_
_together with a punitive damages Award_
(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: _5/21/14_   Signature: _[signature]_ _(Attorney for Claimant)_

If signed by representative:

Representative's Name _Robert J. Anaya_ Address _1315 I Street Modesto Ca_
_95354_

Telephone # _209-522-7500_

Relationship to Claimant _Attorney_



Risk Management
Human Resources
2720 Second Street
Ceres, CA 95307-3292
(209) 538-5747
Fax (209) 538-5710

CITY COUNCIL
Chris Vierra, Mayor
Mike Kline                    Ken Lane
Linda Ryno          Bret Durossette

June 27, 2014

Alfonso Zabala
c/o Robert J. Anaya, Attorney
1315 I Street
Modesto, CA 95354

Subject:      Notice of Rejection of Claim – Alfonso Zabala

Mr. Zabala:

Please see the attached "Notice of Rejection of Claim" regarding your claim submitted to the City of Ceres.

If you have any questions, contact our Risk Management Authority by calling Robert Smoke @ AIMS (209) 523-6488.

Sincerely,

Shirley A. Martin
Human Resources

cc:      AIMS



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3191
www.stanct.org

# Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

## What are the advantages of using ADR?

- **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
- **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
- **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
- **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
- **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

## ADR may not be suitable for every dispute and may not be to your advantage.

- The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
- If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

## What are my ADR Options?

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

### ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

### ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

### ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at www.stanct.org.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: | |
| SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY<br>MAILING ADDRESS: 801 10TH STREET, 4TH FLOOR<br>CITY AND ZIP CODE: MODESTO, CA 95354<br>BRANCH NAME: MODESTO | |
| CASE NAME: | |
| STIPULATION AND ORDER TO ADR | CASE NUMBER: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation         ☐ Private Arbitration
☐ Private Mediation            ☐ Neutral Evaluation
☐ Judicial Arbitration         ☐ Voluntary Mediation in lieu of Judicial Arbitration

---

**This box is to be filled out for or Voluntary Mediation and Neutral Evaluation only.**

In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator or neutral-evaluator. If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that _____ (name of mediator/neutral evaluator) shall serve as the neutral for this case.

_____     _____
Signature of Neutral          Date

☐ It is Stipulated that the Court select a mediator for this case.

•   For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).

---

►
_____     ►_____
(PLAINTIFF)                    (DEFENDANT)

_____ _____     _____ _____
(SIGNATURE)          (DATE)     (SIGNATURE)          (DATE)
►                         ►
_____     _____
(PLAINTIFF'S ATTORNEY)               (DEFENDANT'S ATTORNEY)

_____ _____     _____ _____
(SIGNATURE)          (DATE)     (SIGNATURE)          (DATE)

July 1, 2006 (mandatory)       STIPULATION AND ORDER TO ADR

PLD-PI-003

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS):*   TELEPHONE NO.: | FOR COURT USE ONLY |

ATTORNEY FOR *(NAME):*

Insert name of court, judicial district or branch court, if any, and post office and street address:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **ANSWER-Personal Injury, Property Damage, Wrongful Death**<br>☐ COMPLAINT OF (name):<br>☐ CROSS-COMPLAINT OF *(name):* | CASE NUMBER: |

1.   This pleading, including attachments and exhibits, consists of the following number of pages: _____

**DEFENDANT OR CROSS-DEFENDANT (name):**

2. ☐  Generally denies each allegation of the unverified complaint or cross-complaint.

3.   a. ☐ DENIES each allegation of the following numbered paragraphs:

     b. ☐ ADMITS each allegation of the following numbered paragraphs:

     c. ☐ DENIES, ON INFORMATION AND BELIEF, each allegation of the following numbered paragraphs:

     d. ☐ DENIES, BECAUSE OF LACK OF SUFFICIENT INFORMATION OR BELIEF TO ANSWER, each allegation of the following numbered paragraphs:

     e. ☐ ADMITS the following allegations and generally denies all other allegations:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-003 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

ANSWER - Personal Injury, Property Damage, Wrongful Death

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

PLD-PI-003

CASE NUMBER:

## ANSWER-Personal Injury, Property Damage, Wrongful Death

f. ☐ DENIES the following allegations and admits all other allegations:

g. ☐ Other (specify):

**AFFIRMATIVELY ALLEGES AS A DEFENSE**

4. ☐ The comparative fault of plaintiff or cross-complainant  (name) :
as follows:

5. ☐ The expiration of the Statute of Limitations as follows:

6. ☐ Other (specify):

7. DEFENDANT OR CROSS-DEFENDANT PRAYS
For costs of suit and that plaintiff or cross-complainant take nothing.
☐ Other (specify):

_____
(Type or print name)

_____
(Signature of party or attorney)

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)

Robert J. Anaya   SBN 153195
1315 I Street
Modesto CA 95354

Attorney for: PLAINTIFF   ALFONSO ZABALA

FOR COURT USE ONLY

**FILED**

2014 NOV 26 PM 3: 54

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY_____
_____DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner: ALFONSO ZABALA
Defendant/Respondent: City of Ceres, et al.

NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER 2009597-

1.  NOTICE is given that a Case Management Conference has been scheduled as follows:

Date: TIMOTHY W. SALTER   Time: 1:30   AM/PM

This case is assigned to Judge  3/30/2015 , Dept  22 , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.

..........................................................................................................................
You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.

2.  You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

a.  An order establishing a discovery schedule.
b.  An order referring the case to arbitration.
c.  An order dismissing fictitious defendants.
d.  An order scheduling exchange of expert witness information.
e.  An order setting subsequent conferences and the trial date.
f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: NOV 2 6 2014   by _____ COLLEEN SHORT _____ Deputy Clerk

CV003
Mandatory
Form

—SANCTIONS—
If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

11/10