UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO ZABALA,<br><br>             Plaintiff,<br><br>   v.<br><br>CITY OF CERES; CERES DEPARTMENT OF PUBLIC SAFETY; OFFICER KLINGE, first name unknown, and DOES 1-20,<br><br>             Defendants. | No. 1:15-cv-00904-GEB-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' UNOPPOSED DISMISSAL MOTION** |

      Defendants City of Ceres ("City"), Ceres Department of Public Safety ("Department"), and Officer Klinge, (collectively, "Defendants") move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's first, second, fourth, and fifth claims in his Complaint. Plaintiff alleges claims under 42 U.S.C. § 1983 ("§ 1983"), the California Unruh Civil Rights Act ("Unruh Act"), the California Bane Act ("Bane Act"), and he alleges California negligence and false imprisonment claims.

1

Defendants also seek dismissal of Plaintiff's § 1983 punitive damages prayer, and move under Rule 12(e) for a more definite statement "[s]hould the Court deem any claim . . . survives [the motion]." (Mem. P. & A. Supp. Defs.' Mot. Dismiss ("Mot.") 12:11-13, ECF No. 9.)

Germane to each claim involved in the motion are the following allegations: "Officer Klinge . . . punched Plaintiff repeatedly in the face," and he "detained and arrested [Plaintiff] without any lawful justification." (Compl. ¶¶ 12, 17.) Defendants argue:

> Plaintiff's [f]irst [c]laim . . . fails for two reasons. First, Plaintiff fails to plead the requirements [in Monell v. Dep't of Soc. Servs., 436 U.S. 659 (1978)] necessary to sustain a § 1983 claim against the City and Department. In addition, Plaintiff fails to plead[] the necessary facts to [state] a prima facie § 1983 claim against all Defendants . . . as no constitutional or federal statutory rights deprivations have been pled.
>
> Plaintiff's [s]econd [c]laim intermingles threadbare recitals of the elements required for claims under the Unruh [Act] and the Bane Act, without a factual basis to support [each claim] . . . .
>
> Plaintiff's . . . [f]ourth and [f]ifth [c]laims[] fail . . . . [since] Plaintiff fails to allege the violation of a mandatory statutory duty in [either claim] . . . . [and] . . . Plaintiff has failed to plead the necessary elements to support a claim under common law [f]alse [i]mprisonment and [n]egligence . . . .
>
> Last, . . . [i]t has been well-established that public entities are immune from punitive damages. In addition, the Complaint is devoid of facts to support [punitive damages] against Officer Klinge.

(Mot. 1:12-2:10.)

## I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, "[t]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663.

## II. FACTUAL ALLEGATIONS

The following factual allegations in Plaintiff's Complaint concern the motion:

> On or about December 29, 2013, [P]laintiff was . . . visiting his friends at a private residence . . . . A medical emergency arose [for] an individual present[ at the residence,] and emergency services were thereupon summoned.
>
> Defendants . . . responded to the location for the medical emergency.
>
> Upon entering the private residence,

3

> Defendant Officer Klinge . . . punched Plaintiff repeatedly in the face . . . . Plaintiff did not try to resist, obstruct, or delay Officer Klinge . . . .
>
> Plaintiff attempted to cover his head and body from the attack by Officer Klinge . . . but was caught by surprise and suffered numerous contusions and lacerations to his head and body.
>
> . . . .
>
> Officer Klinge . . . [then] seized and arrested Plaintiff . . . . without any warrant or order of commitment . . . [,] accused Plaintiff of committing a criminal offense . . . . [and] delivered Plaintiff to the Stanislaus County jail . . . where he was imprisoned.

(Compl. ¶¶ 10-13, 18-19.)

### III. DISCUSSION

**a. Plaintiff's First Claim: § 1983**

The City and the Department argue Plaintiff's first claim alleged against these movants under Monell should be dismissed, contending: "Plaintiff's Complaint is devoid of any facts suggesting that the City or Department adopted a policy to deprive Plaintiff of his Constitutional rights." (Mot. 4:16-17.)

To allege a plausible § 1983 municipal liability claim against governmental entities under Monell, "a plaintiff must [allege] (1) that [he] possessed a constitutional right of which []he was deprived; (2) that the municipality had a policy; (3) [and] that this policy amounts to deliberate indifference to the plaintiff's constitutional right." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff alleges in his Complaint: "[B]y acting pursuant to its custom, practice and policy, Defendants . . .

4

violated Plaintiff's federally protected civil rights under 42 U.S.C. § 1983, including Plaintiff's right to be free from unlawful arrest, intimidation, and false imprisonment." (Compl. ¶ 27.) These conclusory statements do not allege a plausible claim that either entity Defendant had a custom, practice, or policy that was deliberately indifferent to Plaintiff's constitutional rights. Therefore, Plaintiff's first claim against the City and the Department is dismissed.

Officer Klinge also argues "Plaintiff's [f]irst [c]laim against [him] should be dismissed," contending: this claim "fails to allege that Officer Klinge violated any of Plaintiff's constitutional rights[ and thus], he is forced to speculate which constitutional right[s were violated]." (Mot. 5:11-14.)

"42 U.S.C. § 1983 creates a cause of action against a person who . . . deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To [plausibly allege a claim] under section 1983, the plaintiff must demonstrate that . . . the action resulted in the deprivation of a constitutional right or federal statutory right . . . ." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).

Plaintiff alleges that Officer Klinge violated his "constitutionally-protected rights to be free from threats, intimidation, coercion, false arrest, [and] imprisonment" by the following actions: he "punched Plaintiff repeatedly in the face[;]" "seized and arrested Plaintiff[;]" and "delivered Plaintiff to the Stanislaus County jail, where Plaintiff was

5

1  imprisoned." (Compl. ¶¶ 12, 18-19, 27.)  These allegations
2  plausibly allege that Officer Klinge subjected Plaintiff to
3  excessive force and unreasonably seized and imprisoned him in
4  violation of his Fourth and/or Fourteenth Amendment rights.
5  Therefore, this portion of the motion is denied.

### b. Plaintiff's Second Claim

Defendants argue Plaintiff's second claim should be dismissed for the following reasons:

> [It] is horribly confusing. On one hand, it references the Unruh Civil Rights Act. See Compl. ¶ 31. The caption of this [c]laim states "DAMAGES FOR VIOLATION OF UNRUH CIVIL RIGHTS ACT." See Compl. 5:24. However, Plaintiff cites to California Civil Code 52.1 and 52.3 as well[,] which is part of the Bane Act. See Compl. ¶ 32, 5:25. The Bane Act is separate from, and not part of, the Unruh Act. [See] Stamps v. Superior Court, 136 Cal. App. 4th 1441, 1450-1452 ([] 2006); [see also] Goldman v. Standard Ins. Co. [,] . . . 341 F.3d 1023, 1027, []n.4 [(9th Cir. 2003) ([l]imiting discussion of the Unruh act to California Civil Code section 51.)]
>
> . . . .
>
> [Further,] Plaintiff's [s]econd [c]laim . . . pleads elements of both [a]cts. For instance . . . . [in t]he first sentence of ¶ 31 Plaintiff pleads the City and Department are businesses under the Unruh Civil Rights Act. However, in the second sentence of ¶ 31, [Plaintiff] pleads elements of the Bane Act.
>
> . . . .
>
> [T]he [s]econd [c]laim is [also] devoid of any allegations that Plaintiff was discriminated against in any manner for any reason. Failure to allege discrimination nullifies any Unruh Civil Rights Act claim.
>
> . . . .
>
> Plaintiff has [also] failed to allege facts sufficient to support a claim under the Bane Act as the conclusory allegation that

6

> Defendants employed threats, intimidation, and coercion is merely an effort to parrot the statutory language of the Bane Act. See Compl. ¶¶ 31-32. Moreover, Plaintiff has failed to plead any facts showing that any alleged coercion was independent of the arrest itself.

(Mot. 5:19-7:12.)

California Civil Code § 51.7 of the Unruh Act establishes the right of individuals "to be free of violence, committed against their persons" for numerous reasons, none of which is alleged in the Complaint. Therefore, Plaintiff has not stated a plausible Unruh Act claim.

The Bane Act proscribes in California Civil Code § 52.1 a person from doing the following: "interfer[ing] by threats, intimidation, or coercion, or attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he . . . he had the right to do under the law or to force the plaintiff to do something that he . . . was not required to do under the law. Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 955-56 (2012) (quoting Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998)). "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Id. at 846. Plaintiff's allegations do not plead a plausible Bane Act claim.

7

1  Therefore, this claim is dismissed.

2              **c. Plaintiff's Fourth and Fifth Claims: False**
3                **Imprisonment and Negligence**

4      Defendants argue Plaintiff's fourth and fifth claims (false imprisonment and negligence) should be dismissed, contending:

> [P]ublic entities are not liable for common law torts pursuant to the California Government [Tort] Claims Act [(Cal. Gov't Code § 815 et seq.)] . . . . Thus, [] **[P]laintiff must plead enough facts to show that the City and Department are vicariously liable for the torts of their employees acting within the scope of their employment**. Here, Plaintiff has failed to plead facts to support a prima facie cause of action for either [f]alse [i]mprisonment or [n]egligence.

(Mot. 7:23-27) (emphasis added). The California Government Tort Claims Act prescribes in in sections 815-815(a) and 815.2(a):

> Except as otherwise provided by statute[, a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee . . . . **[A] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee . . . .**

(emphasis added). Specifically, "under the concept of respondent superior, a public employer is responsible for the tort of false imprisonment by the conduct of a public employee acting within the course and scope of his employment." Scannell v. Cnty. of Riverside, 152 Cal. App. 3d 596, 605 (1984). Further, "public entities . . . may be held vicariously liable for the negligent acts of their individual employees." Nozzi v. Hous. Auth. of City

8

1 of Los Angeles, 425 F. App'x 539, 542 (9th Cir. 2011).

### i. False Imprisonment

Defendants argue their motion should be granted on Plaintiff's false imprisonment claim, contending: "Plaintiff fails to plead that the allegedly false imprisonment was without [a] lawful privilege which undermines Plaintiff's contentions that the arrest was made without a warrant, reasonable suspicion, or probable cause." (Mot. 9:27–10:2.)

"The tort of false imprisonment is the nonconsensual, intentional confinement of a person, without [a] lawful privilege, for an appreciable length of time, however short." City of Newport Beach v. Sasse, 9 Cal. App. 3d 803, 810 (1970). "**A person is falsely imprisoned 'if he is wrongfully deprived of his freedom to leave a particular place by the conduct of another**.'" Ciampi v. City of Palo Alto, 790 F. Supp. 2d 1077, 1110 (N.D. Cal. 2011) (citing Hagberg v. California Federal Bank FSB, 32 Cal. 4th 350, 373) (emphasis added).

Plaintiff has stated a plausible claim that Officer Klinge seized him without justification and then imprisoned him. Therefore, Defendants' motion is denied on Plaintiff's false imprisonment claim.

### ii. Negligence

Defendants also argue Plaintiff has "failed to plead the necessary elements to support a [negligence] claim." (Mot. 2:6-7.)

To plead a negligence claim,

> Plaintiff[] must [allege that:] (1) the [defendant] owed plaintiff a duty of care; (2) the [defendant] breached [that] duty by

9

>failing to use such skill, prudence, and diligence as other members of the [the] profession commonly possess and exercise, (3) [that] there was a proximate causal connection between the [defendant's] negligence conduct and the resulting injury to the plaintiff; and (4) [that] the [defendant's] negligence resulted in actual loss or damage to the plaintiff.

Ortega v. City of Oakland, No. C07-02659-JCS, 2008 US Dist LEXIS 85183, at *40 (N.D. Cal. Oct. 8, 2008).

Plaintiff has stated a plausible claim that Officer Klinge breached his "duty to Plaintiff to use due care to prevent unlawful detention and arrest . . . false imprisonment, [intimidation,] and coercion . . . from occurring" and that Plaintiff suffered injuries as a result of Officer Klinge's actions. (Compl. ¶¶ 60, 62.) Therefore, Defendants' motion to dismiss Plaintiff's negligence claim is denied.

### d. Punitive Damages

The City and the Department argue: "Punitive damages may not be recovered against public entities [under] . . . . 42 U.S.C. § 1983 . . . ." (Mot. 11:14-18.)

"A municipality is immune from punitive damages under § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Therefore, this portion of the motion is granted.

Officer Klinge also argues:

>Plaintiff's Complaint fails to set forth any articulable facts supporting his claims for punitive damages against Officer Klinge as the Complaint is devoid of any factual allegations that Officer Klinge specifically violated Plaintiff's constitutionally protected rights . . . .

(Mot. 12:4-8.)

[P]unitive damages are recoverable [under §

10

> 1983] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Section 1983 punitive damages can also be awarded to address malicious, wanton, or oppressive acts or omissions. Conduct is oppressive if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power . . . .

Knapps v. City of Oakland, 647 F. Supp. 2d 1129, 1171 (N.D. Cal. 2009), amended in part (Sept. 8, 2009).

Officer Klinge has not shown that Plaintiff's prayer against him for punitive damages should be dismissed. Therefore, this portion of the motion is denied.

### e. Motion for a More Definite Statement

Defendants also argue they are entitled to a more definite statement under Rule 12(e) regarding any claim that is not dismissed. This motion is denied since Defendants have not "point[ed] out the defects complained of and the details desired" as required by Rule 12(e).

### IV. CONCLUSION

For the stated reasons, the motion is DENIED on Plaintiff's § 1983 claim against Officer Klinge; Plaintiff's false imprisonment and negligence claims; and Plaintiff's § 1983 prayer for punitive damages against Officer Klinge. Further, Defendants' motion for a more definite statement is DENIED. The motion is GRANTED on Plaintiff's § 1983 claim against the City and Department; Plaintiff's Unruh Act and Bane Act claim; and Plaintiff's § 1983 prayer for punitive damages against the City and the Department.

11

Plaintiff has ten days from the date on which this Order is filed to file an amended complaint addressing the referenced deficiency in any dismissed claim.

Dated: September 3, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge