1

2

3

4

5                            UNITED STATES DISTRICT COURT

6                            EASTERN DISTRICT OF CALIFORNIA

7

8    ALFONSO ZABALA,                        No.  1:15-cv-00904-GEB-SAB

9               Plaintiff,

10        v.                                **ORDER TO SHOW CAUSE AND
                                            CONTINUING STATUS (PRETRIAL
11   CITY OF CERES; CERES                    SCHEDULING) CONFERENCE**
     DEPARTMENT OF PUBLIC SAFETY;
12   OFFICER KLINGE, first name
     unknown; and DOES 1-20;
13
                Defendants.
14

15

16        The June 23, 2015 Order Setting Status (Pretrial

17   Scheduling) Conference scheduled a status conference in this case

     on October 26, 2015, and required the parties to file a joint
18
     status report no later than fourteen (14) days prior to the
19
     scheduling conference. The June 23, 2015 Order further required a
20
     status report be filed regardless of whether a joint report could
21
     be procured. (Order 2 n.1, ECF No. 6.) No status report was filed
22
     as ordered.
23
          Therefore, each party is Ordered to Show Cause ("OSC")
24
     in a writing to be filed no later than November 2, 2015, why
25
     sanctions should not be imposed against the party and/or the
26
     party's counsel under Rule 16(f) of the Federal Rules of Civil
27
     Procedure for failure to file a timely status report. The written
28
                                     1

1  response shall also state whether the party or the party's

2  counsel is at fault, and whether a hearing is requested on the

3  OSC.[1] If a hearing is requested, it will be held on December 7,

4  2015, at 9:00 a.m., just prior to the status conference, which is

5  rescheduled to that date and time. A joint status report shall be

6  filed no later than fourteen (14) days prior to the status

7  conference.

8         IT IS SO ORDERED.

9  Dated:  October 20, 2015

10

11  _____

12  GARLAND E. BURRELL, JR.
    Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [1]    "If the fault lies with the attorney, that is where the impact of
    sanction should be lodged.  If the fault lies with the clients, that is where
    the impact of the sanction should be lodged." In re Sanction of Baker, 744

27  F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).
    Sometimes the faults of attorneys, and their consequences, are visited upon

28  clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2